UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:15-cr-35-CEH-SPF

HERNANDO ANTONIO JIMENEZ-ORTIZ
_____/

**ORDER**

This matter comes before the Court on the Defendant's Motion for Compassionate Release Pursuant to Section 603 of the First Step Act (Doc. 105). In the motion, Defendant Hernando Antonio Jimenez-Ortiz contends that his age and medical condition qualify him under the First Step Act for a reduction in his sentence. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Defendant's Motion for Compassionate Release Pursuant to Section 603 of the First Step Act.

**DISCUSSION**

On April 30, 2015, Defendant, Hernando Antonio Jimenez-Ortiz pleaded guilty to Count One of the indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) (1), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). Docs. 44, 54. Defendant was sentenced on July 22, 2015, to 120 months' imprisonment and five years of supervised release. Doc. 77.

Defendant, who is 68 years old, is currently incarcerated at Giles W. Dalby Correctional Institution in Post, Texas. *See* https://www.bop.gov/inmateloc/ (last accessed July 5, 2021). He is scheduled to be released from prison on August 15, 2023. *See id.*

Proceeding *pro se*, Defendant moves for compassionate release under the First Step Act claiming his age and medical conditions, specifically, a hernia, high blood pressure, low back problems, and ulcers, qualify him for compassionate release. Doc. 105. Review of the motion and docket reveal that Defendant has failed to demonstrate he exhausted administrative remedies in order to pursue relief in this Court.

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*,

2

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis. *See* §3582(c)(1)(A).

Although Defendant is correct that he can bring his own motion under the First Step Act after the passage of thirty days of his request to the warden of the prison, Defendant fails to demonstrate that he has made such request and thus he has failed to exhaust administrative remedies. To date, there is no documentation in the record showing Defendant requested compassionate release from the warden of his facility. Furthermore, Defendant's motion references no request, formal or otherwise, made to the BOP before filing the instant motion that would indicate administrative remedies have been pursued, much less exhausted. For this reason, Defendant's motion is due to be denied.

Even if he could demonstrate he has satisfied administrative exhaustion, Defendant's motion still fails. The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VHC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release). Here, Defendant fails to provide any medical records or other evidence to establish his declining health or that due to his medical conditions, he is unable to care for himself in the prison environment.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release Pursuant to Section 603 of the First Step Act (Doc. 105) is **DENIED without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on July 11, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Hernando Antonio Jimenez-Ortiz, *pro se*
Counsel of Record
Unrepresented Parties